# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STEWART, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 11-7109 |
| CITY OF PHILADELPHIA, POLICE OFFICER DANIELLE HUGHES, POLICE OFFICER DAMIAN WALTO, and POLICE OFFICER JUSTIN RIOS, | |
| Defendants. | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **MARCH 1, 2013**

Presently before the court is the Appeal From the Clerk's Judgment and Taxation of Costs filed by Plaintiff, William Stewart. Plaintiff requests that this court review the Clerk's Taxation of Costs, and vacate or reduce the judgment entered by the Clerk of Court against Plaintiff in favor of Defendants, Police Officers Danielle Hughes, Damian Walto, and Justin Rios, in the amount of $1,171.77. Specifically, the amount includes $444.00 in fees for service of subpoenas and $727.77 in fees for deposition transcripts. (Clerk's Tax. of Costs at 13.) For the reasons below, Plaintiff's appeal is granted in part and denied in part. We will reduce the award of costs from a total of $1,171.77 to a total of $727.77.

### I.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d)(1) provides that:

> [u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

> party. But, costs against the United States, its
> officers, and its agencies may be imposed only to
> the extent allowed by law. The Clerk may tax costs
> on 14 days notice. On motion served within the next
> 7 days, the court may review the clerk's actions.

Fed. R. Civ. P. 54(d)(1). The clerk's taxation of costs is subject to *de novo* review by the district court. See Reger v. The Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010). Rule 54(d) creates a strong presumption that costs are to be awarded to the prevailing party. Id. (citing In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000)). The losing party has the burden of making the showing that an award is inequitable under the circumstances. Id. (citing In re Paoli, 221 F.3d at 462-63).

## II.   DISCUSSION

Plaintiff asserts three errors in the Clerk's Taxation of Costs. Defendants have failed to respond to Plaintiff's Appeal. Plaintiff's first argument is that the judgment of the Taxation of Costs should be reversed or substantially reduced due to Plaintiff's indigence. (Pl.'s Mem. Law Support App. of Clerk's Tax of Costs at 1-2.) When viewing a clerk's award of costs, a district court may consider "each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." In re Paoli, 221 F.3d at 468. Plaintiff's adjusted gross income in 2006, 2007, 2009 and 2011 was $3,742.00, $10,638.00, $9,292.00, and $9,510.00, respectively. (Pl.'s Mem. Law Support App. of Clerk's Tax of Costs at 2; Ex. A.) Plaintiff was incarcerated throughout 2010. (Id.; Ex. B.) He also claims his minor granddaughter as his dependent. (Id.) While we decline to reverse the Clerk's award of costs based on Plaintiff's potential indigency, Plaintiff's ability to pay costs has been a factor taken into serious consideration regarding our decision to reduce Plaintiff's costs.

2

Second, Plaintiff asserts that the award of $440.00 in subpoena service fees for the alleged research time for subpoena service and purported travel expenses are exorbitant and improper. (Id. at 3-4.) Although Plaintiff argues against the fees for research, the Clerk of Court did not include these fees within his award of costs finding that "investigative service fees are not taxable under 28 U.S.C. § 1920." (Clerk's Tax. of Costs at 10.) Originally, Defendants requested a total of $651.00 for subpoena services. The Clerk, however, subtracted the investigative fee of $207.00 from the total amount of $651.00 concluding that Defendants were owed a total of $444.00 in subpoena fees solely for travel time and mileage. (Id.)

Since the investigative service fees are not at issue, we will address Plaintiff's argument that the travel expenses were exorbitant. Plaintiff asserts that the travel time of five hours and purported mileage of 198 miles are outrageous. (Pl.'s Mem. Law Support App. of Clerk's Tax of Costs at 3.) Plaintiff has attached documents showing that such travel time and mileage are indeed outrageous given the distances of a total of approximately 20 miles and an approximate travel time of 52 minutes to go to and leave from the two Philadelphia addresses of the witness being subpoenaed. (Id.; Exs. C, D, E.) Given our broad discretion in awarding costs, we find that these costs should not be bourne by Plaintiff. Defendants have not proffered any argument or proof against Plaintiff's argument or exhibits showing that the charged time and mileage are inflated. In light of this, as well as Plaintiff's potential indigent status, we find that the costs are excessive and reduce the amount of the service costs awarded to Defendants to zero.

Lastly, without providing any legal precedent, Plaintiff contends that the Court should not tax costs on behalf of the Defendant Police Officers for bills that were not incurred or paid by them, but were incurred by Defendant, City of Philadelphia. (Pl.'s Mem. Law Support App. of

Clerk's Tax of Costs at 7.) The Civil Rights Unit of the City of Philadelphia Law Department has represented Defendants throughout this litigation. It is proper that the City of Philadelphia be reimbursed for its costs.

## III. CONCLUSION

Having reviewed the Taxation of Costs made by the Clerk of Court, the Court reduces the award from a total of $1,171.77 to a total of $727.77 for deposition costs. Given Plaintiff's monetary status, the Court notes that it may be beneficial for all of the parties to set up a payment plan for Plaintiff.

An appropriate Order follows.